1  **LOKER LAW, APC**
2  Matthew M. Loker, Esq. (279939)
   matt@loker.law
3  Nicholas J. Enns, Esq. (356855)
4  nick@loker.law
   132 Bridge Street
5  Arroyo Grande, CA 93420
6  Telephone: (805) 994-0177

7  *Attorneys for Plaintiff*,
8  Adolfo Giron

9         **UNITED STATES DISTRICT COURT**
10         **EASTERN DISTRICT OF CALIFORNIA**

11

12 **ADOLFO GIRON,**            **Case No.:**

13         Plaintiff,            **COMPLAINT FOR DAMAGES FOR VIOLATIONS OF THE**
14      v.                       **ELECTRONIC FUNDS TRANSFER**
                                 **ACT, 15 U.S.C. § 1693, ET SEQ.**
15 **CHIME FINANCIAL, INC.,**
16         Defendant.            **JURY TRIAL DEMANDED**

## INTRODUCTION

1. The stated purpose of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA"), is to "provide a basic framework establishing the rights, liability, and responsibilities of participants in electronic fund transfer systems." 15 U.S.C. § 1693(b). EFTA's "primary objection…is the provision of individual consumer rights." *Id.* Moreover, the language of EFTA indicates that the consumer protection measures contemplated by it are aimed at promoting disclosure, preventing fraud, and allocating liability. *Id.*, at 1693d-1.

2. ADOLFO GIRON ("Plaintiff"), by Plaintiff's attorneys, brings this action to challenge the actions of Chime Financial Inc,. ("Chime") with regard to a series of unauthorized electronic funds transfers.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff, or to Plaintiff's counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Unless otherwise stated, all the conduct engaged in by Defendant took place in California.

6. Any violations by each Defendant were knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

7. Unless otherwise indicated, the use of a Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant's named.

## JURISDICTION AND VENUE

8. Jurisdiction of this Court arises pursuant to federal question jurisdiction under 28 U.S.C. § 1331. More particularly, this action arises out of Defendant's violations of the Electronic Fund Transfers Act, 15 U.S.C. § 1693, et seq. ("EFTA").

9. Because Defendant conducts business within the State of California, personal jurisdiction is established.

10. Venue is proper pursuant to 28 U.S.C. § 1391 for the following reasons: (i) Plaintiff resides in San Joaquin County in this judicial district; (ii) the conduct complained of herein occurred within this judicial district; and (iii) Defendant conducted business within this judicial district at all times relevant.

## PARTIES

11. Plaintiff is a natural person who resides in San Joaquin County, State of California, and is a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

12. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. 1693a(6).

13. Chime is a banking corporation located in California.

14. Chime is a "financial institution" as defined by 15 U.S.C. 1693a(9).

15. Chime is a corporation doing business in the County of San Joaquin, State of California, and are a "person" as defined by Regulation E in 12 C.F.R. 1005.2(j).

## FACTUAL ALLEGATIONS

16. At all times relevant, Plaintiff is an individual residing within the State of California.

17. Plaintiff maintained a deposit account with Chime that constitutes an "account" as defined by 15 U.S.C. § 1693a(2) and 12 C.F.R. 1005.2(b)(1). Plaintiff has a checking account ending in 9813 with Chime (the "Chime Account").

LOKER LAW, APC
132 BRIDGE STREET
ARROYO GRANDE, CA 93420

18. In December of 2024, a fraudster hacked Plaintiff's Chime Account.
19. The fraudster changed Plaintiff's contact information within his Chime Account.
20. The fraudster used a Chime feature called "Pay Anyone" to make numerous fraudulent transactions in December of 2024, totaling $885.45.
21. The fraudster continued making numerous fraudulent transactions in January of 2025, racking up $805.42 against Plaintiff's Chime Account.
22. On January 22, 2025, Plaintiff disputed the fraud with Chime.
23. Shortly thereafter, Chime responded to Plaintiff's dispute rejecting his fraud claim also stating no money would be credited to his Chime Account.
24. This has caused Plaintiff emotional and financial stress.
25. Plaintiff submitted his dispute to Chime in less than 60 days from receipt of Account statements showing the unauthorized transactions.
26. Defendant's investigation was unreasonable.
27. More specifically, Chime should have discovered from its own records, including Plaintiff's investigative materials, that the transactions at issue were unauthorized and fraudulent transactions.
28. Defendant did not have a reasonable basis for believing that Plaintiff's account was not in error.
29. Defendant knowingly and willfully concluded that Plaintiff's account was not in error when such conclusion could not reasonably have been drawn from the evidence available to Defendant at the time of its investigation.
30. Through this conduct, Defendant violated 15 U.S.C. § 1693f.
31. Through this conduct, Defendant violated 15 U.S.C. § 1693g.
32. The abovementioned transactions were unauthorized electronic fund transfers as defined by 15 U.S.C. § 1693a(12); and, 12 C.F.R. 1005.2(m).

33. To date, Defendant continues to hold Plaintiff responsible for the fraudulent transactions.

34. Since Plaintiff's efforts to be absolved of the unauthorized fraudulent transactions were unsuccessful, Plaintiff was required to bring this action to finally resolve Plaintiff's dispute.

## CAUSES OF ACTION CLAIMED BY PLAINTIFF

## COUNT I

## VIOLATION OF THE ELECTRONIC FUNDS TRANSFER ACT

## 15 U.S.C. §§ 1693, ET SEQ. (EFTA)

35. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

36. The foregoing acts and omissions constitute numerous and multiple violations of EFTA.

37. As a result of each and every violation of EFTA, Plaintiff is entitled to any actual damages pursuant to 15 U.S.C. § 1693m(a)(1); statutory damages pursuant to 15 U.S.C. § 1693m(a)(2)(A); and, reasonable attorneys' fees and costs pursuant to 15 U.S.C. § 1693m(a)(3).

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff prays that judgment be entered against Defendant for:

- An award of actual damages pursuant to 15 U.S.C. § 1693m(a)(1) for Plaintiff;
- An award of treble damages pursuant to 15 U.S.C. § 1693f(e);
- An award of statutory damages of no less than $100 nor greater than $1,000 pursuant to 15 U.S.C. § 1693m(a)(2)(A) for Plaintiff;
- An award of costs of litigation and reasonable attorneys' fees pursuant to 15 U.S.C. § 1693m(a)(3);
- Any and all other relief the Court deems just and proper.

**TRIAL BY JURY**

38. Pursuant to the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to, and demands, a trial by jury.

Dated: March 18, 2025                                   Respectfully submitted,

**LOKER LAW, APC**

By:  /s/ Matthew M. Loker, Esq.
         MATTHEW M. LOKER, ESQ.
         ATTORNEY FOR PLAINTIFF